IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Pixmarx IP LLC,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**TikTok Inc.,**<br><br>　　　　　**Defendant.** | **Civil Action No. 6:20-cv-736**<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pixmarx IP LLC files this Complaint against TikTok Inc. for infringement of U.S. Patent No. 9,792,662 ("the '662 patent"), U.S. Patent No. 10,102,601 ("the '601 patent"), and U.S. Patent No. 10,489,873 ("the '873 patent"). The '662 patent, '601 patent, and '873 patent are referred to collectively as the "patents-in-suit."

## THE PARTIES

1. Plaintiff **Pixmarx IP LLC ("Pixmarx")** is a Texas limited liability company with its principal place of business located in Dallas, Texas.

2. Defendant **TikTok Inc. ("TikTok)** is a California corporation with a regular and established place of business in Austin, Texas. TikTok may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. TikTok is a video-sharing social networking service owned by ByteDance, a Beijing-based Internet technology company founded in 2012. TikTok's mobile application (the "TikTok app") was launched in 2017 for iOS and Android in most markets outside of mainland China and is used to create short music, lip-sync, dance, comedy and talent videos. On information and belief, the TikTok app has been widely used across the United States since, at

least, August 2018, and the TikTok servers that serve the United States market are located in this country. As of August 2020, TikTok has surpassed 1 billion users worldwide, and the TikTok app has been downloaded more than 80 million times in the United States alone.

4. The TikTok app allows users to create short videos of themselves, often featuring music in the background. The videos can be sped up, slowed down and/or edited with a filter. Users can also add their own sound on top of the background music. To create a music video with the TikTok app, users can choose background music from a wide variety of music genres, edit with a filter, and record a 15-second video with speed adjustments before uploading it to share with others on TikTok or other social media platforms.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

6. This Court has personal jurisdiction over TikTok in accordance with due process and/or the Texas Long Arm Statute because TikTok does business in this state by, among other things, "recruit[ing] Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state." TEX. CIV. PRAC. & REM. CODE § 17.042(3):



*See* https://careers.tiktok.com/; *see also*, *e.g.*, Exs. 1, 2.

7. Further, this Court has personal jurisdiction over TikTok because TikTok has engaged, and continues to engage, in continuous, systematic, and substantial activities within this state, including the substantial marketing and sale of products and services within this state and this District. Indeed, this Court has personal jurisdiction over TikTok because TikTok has committed acts giving rise to Pixmarx's claims for patent infringement within and directed to this District, has derived substantial revenue from its goods and services provided to individuals in this state and this District, and, upon information and belief, maintains a regular and established place of business in this District, including offices in Austin, Texas. *See*, *e.g.*, Ex. 3, 4. For example, senior executives at TikTok have noted, "We have many exciting roles across Ops, Training, Quality, Policy, Data, and more to fill in our Austin office," and "The TikTok Austin Office is growing fast! Check out these great new jobs to join Rebecca Sawyer in building an amazing team!" Ex. 3.

8. Relative to patent infringement, TikTok has committed and continues to commit acts in violation of 35 U.S.C. § 271, and has made, used, marketed, distributed, offered for sale, and/or sold infringing products and services in this state, including in this District, and otherwise engaged in infringing conduct within and directed at, or from, this District. Such infringing products and services, namely the TikTok app, have been and continue to be distributed to, sold, and used in this District and the infringing conduct has caused, and continues to cause, injury to Pixmarx, including injury suffered within this District. These are purposeful acts and transactions in this state and this District such that TikTok reasonably should know and expect that it could be haled into this Court because of such activities.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events or omissions giving rise to the Pixmarx claims occurred in this District, because TikTok has committed acts of infringement in this District, and because TikTok has a regular and established place of business in this District.  Indeed, TikTok conducts business in this District, including offering to sell, selling, and distributing infringing products and services to TikTok customers in this District, servicing infringing products and services in this District, and/or inducing the use of infringing products and services by TikTok's customers in this District.  And, upon information and belief, TikTok maintains offices in this District (*see* Ex. 3) and hires and maintains employees in this District (*see* Exs. 1, 2), including an Office Administrator in Austin, Texas (*see* Ex. 4), all consistent with a substantial physical presence in this District.

10. The inventors of the patents-in-suit are Barry Crutchfield and Gary Lipps.  Mr. Crutchfield resides within this District in Austin, Texas.  Mr. Lipps resides nearby in Mandeville, Louisiana.  Both are material witnesses.

**THE PATENTS-IN-SUIT**

11. The '662 patent is entitled, "Embedding Digital Content Within a Digital Photograph During Capture of the Digital Photograph."  The '662 patent lawfully issued on October 17, 2017 and stems from U.S. Patent Application No. 15/275,166, which was filed on September 23, 2016 and is a continuation of U.S. Patent Application No. 14/251,707, filed on April 14, 2014.  A copy of the '662 patent is attached hereto as Ex. 5.

12. The '601 patent is entitled, "Embedding Digital Content Within a Digital Photograph During Capture of the Digital Photograph."  The '601 patent lawfully issued on October 16, 2018 and stems from U.S. Patent Application No. 15/705,703, which is a

continuation of U.S. Patent Application No. 15/275,166 and was filed on September 15, 2017.  A copy of the '601 patent is attached hereto as Ex. 6.

13. The '873 patent is entitled, "Embedding Digital Content Within a Digital Photograph During Capture of the Digital Photograph."  The '873 patent lawfully issued on November 26, 2019 and stems from U.S. Patent Application No. 16/118,108, which is a continuation of U.S. Patent Application No. 15/705,703 and was filed on August 30, 2018.  A copy of the '873 patent is attached hereto as Ex. 7.

14. Pixmarx is the owner of the patents-in-suit with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements.

15. The patents-in-suit arose from Mr. Crutchfield's and Mr. Lipp's development of the Pixmarx application, which was first released via the Apple App Store in November 2013.

16. The patents-in-suit share a specification and claim priority to U.S. Provisional Patent Application Serial No. 61/966,161, which was filed on February 15, 2014.

17. The claims of the patents-in-suit are directed to patent eligible subject matter under 35 U.S.C. § 101.  They are not directed to an abstract idea, and the technologies covered by the claims consist of ordered combinations of features and functions that, at the time of invention, were not, alone or in combination, well-understood, routine, or conventional.

18. The specification of the patents-in-suit disclose shortcomings in the prior art and then explain, in detail, the technical way the claimed inventions resolve or overcome those shortcomings.  *See*, *e.g.*, Ex. 7 ('873 patent), at 7:7-50.  For example, the patents-in-suit explain that a disadvantage of prior art approaches to enhancing digital photographs was that they required application of separate processes after taking a photograph (e.g., editing a label, border, or special effect into a photograph after a photograph is taken).  *See id*. at 2:9-16.  The patents-

in-suit offer the following solution addressing disadvantages of prior art systems and methods for enhancing digital photographs:

> [E]mbodiments of the present invention are directed to displaying an embedded digital image (e.g., an electronic digital icon (e.g., watermark), picture, text, or the like) within an image viewing structure (e.g., eyepiece, visual display, or the like) of a digital imaging device prior to and during a photograph being taken using the digital imaging device. Accordingly, when a user of such a digital imaging device takes the photograph, as-viewed visual content seen within the image viewing structure (i.e., the embedded digital image overlaid on to-be-photographed visual content) is the same as what would be a corresponding outputted digital file of the imaging device. In this regard, the corresponding outputted digital file is a 'What You See Is What You Get (WYSIWYG)' representation of the as-viewed visual content within the image viewing structure of the imaging device when the to-be-photographed visual content is captured by the digital imaging device.

*Id.* at 2:28-45; *see also id.* at 4:7-25.

19. Such solutions are reflected in the independent claims of the patents-in-suit. For example, claim 1 of the '873 patent requires (in part):

> maintaining said embeddable content image in a static position in said image viewing structure when taking a captured image by the digital imaging device;
> displaying in combination in said image viewing structure a combined visual image comprising:
> said embeddable content image in said static position displayed as a mask over said captured image;
> said captured image provided from said digital imaging device in real time when taken by the digital imaging device, the captured image selectively positioned relative to said embeddable content image . . . .

Claim 9 of the '601 patent requires (in part):

> displaying in combination in said image viewing structure a combined visual image comprising:
> a captured image provided from said digital imaging device in real time at a location of taking a photograph;
> an embeddable content image provided by said wireless communication device, said embeddable content image displayed as a mask over said captured image, said embeddable content image maintained in a static position in said image viewing structure during the taking of the photograph . . . .

And claim 1 of the '662 patent requires (in part):

> in conjunction with displaying the user-selected embeddable content image on the image viewing structure, causing visual content captured in real-time by a digital imaging device of the digital imaging device at a current location thereof to be displayed on the image viewing structure in combination with the user-selected embeddable content image, wherein displaying the user-selected embeddable content image includes maintaining the user-selected embeddable content image at a static position within an area of the image viewing structure independent of the visual content that is within a field of view of the digital imaging device at the current location and wherein causing the visual content captured in real-time to be displayed on the image viewing structure in combination with the user-selected embeddable content image includes causing the user-selected embeddable content image to be displayed as a mask applied to the visual content that is being captured in real-time . . . .

20.  The patents-in-suit also introduce the concept of providing embeddable content (e.g., an electronic digital icon, picture, text, or the like) based on a digital imaging device's location. For example, the specification discloses that "the embedded digital content is advantageously selected based on an actual location of the digital imaging device at the time when the to-be-photographed visual content is captured using the digital imaging device." *See, e.g.*, Ex. 7 ('873 patent), at 4:21-25. This concept, which is reflected (for example) in claim 2 of the '662 patent, claim 13 of the '601 patent, and claim 6 of the '873 patent, was not well-understood, routine, or conventional in the field of digital photography when Mr. Crutchfield and Mr. Lipps filed U.S. Provisional Application Serial No. 61/966,161 or U.S. Patent Application No. 14/251,707.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,792,662

21.  Pixmarx incorporates paragraphs 1 through 20 herein by reference.

22.  This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

23. Pixmarx is the owner of the '662 patent with all substantial rights to the '662 patent including the exclusive right to enforce, sue, and recover damages for past and future infringements.

24. The '662 patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

*Direct Infringement (35 U.S.C. § 271(a))*

25. TikTok has infringed and continues to infringe one or more claims of the '662 patent in this District and elsewhere in Texas and the United States.

26. TikTok has infringed and continues to infringe, either by itself or via an agent, at least claims 1, 6, 12, and 16 of the '662 patent by, among other things, making, testing and/or using the TikTok app, including (but not limited to) the TikTok app "effects" features.

27. Attached hereto as Ex. 8, and incorporated herein by reference, is a claim chart detailing how TikTok, and customers and end users of the TikTok App, infringe the '662 patent.

28. TikTok is liable for its infringements of the '662 patent pursuant to 35 U.S.C. § 271.

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

29. TikTok has also indirectly infringed and continues to indirectly infringe one or more claims of the '662 patent by inducing direct infringement by TikTok customers and end users.

30. TikTok has knowledge of the '662 patent, its infringements, and the infringements of its customers and end users based, at least, on its receipt of this Complaint.

31. Despite having knowledge (or being willfully blind to the fact) that use of the TikTok app infringes the '662 patent, TikTok has specifically intended, and continues to

specifically intend, for persons who acquire and use the TikTok app, including TikTok customers and end users, to use the TikTok app in a way that results in infringement of the '662 patent, including at least claims 1, 6, 12, and 16. Indeed, TikTok knew or should have known that its actions have induced, and continue to induce, such infringement.

32. TikTok instructs and encourages customers and end users to use the TikTok app in a manner that infringes the '662 patent. For example, TikTok provides users with the TikTok app, and TikTok's product support webpage (https://support.tiktok.com/en) guides users with instructions on how to use the "effects" features of the TikTok app in a way that results in infringement of the '662 patent.

*Damages*

33. Pixmarx has been damaged as a result of TikTok's infringing conduct described in this Count. TikTok is, thus, liable to Pixmarx in an amount that adequately compensates it for TikTok's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Pixmarx and, on information and belief, its predecessors-in-interest have complied with the requirements of 35 U.S.C. § 287.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 10,102,601

34. Pixmarx incorporates paragraphs 1 through 20 herein by reference.

35. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

36. Pixmarx is the owner of the '601 patent with all substantial rights to the '601 patent including the exclusive right to enforce, sue, and recover damages for past and future infringements.

37. The '601 patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

*Direct Infringement (35 U.S.C. § 271(a))*

38. TikTok has infringed and continues to infringe one or more claims of the '601 patent in this District and elsewhere in Texas and the United States.

39. TikTok has infringed and continues to infringe, either by itself or via an agent, at least claims 2-11, 14, and 16 of the '601 patent by, among other things, making, testing and/or using the TikTok app, including (but not limited to) the TikTok app "effects" features.

40. Attached hereto as Ex. 9, and incorporated herein by reference, is a claim chart detailing how TikTok, and customers and end users of the TikTok App, infringe the '601 patent.

41. TikTok is liable for its infringements of the '601 patent pursuant to 35 U.S.C. § 271.

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

42. TikTok has also indirectly infringed and continues to indirectly infringe one or more claims of the '601 patent by inducing direct infringement by TikTok customers and end users.

43. TikTok has knowledge of the '601 patent, its infringements, and the infringements of its customers and end users based, at least, on its receipt of this Complaint.

44. Despite having knowledge (or being willfully blind to the fact) that use of the TikTok app infringes the '601 patent, TikTok has specifically intended, and continues to specifically intend, for persons who acquire and use the TikTok app, including TikTok customers and end users, to use the TikTok app in a way that results in infringement of the '601

patent, including at least claims 2-11, 14, and 16.  Indeed, TikTok knew or should have known that its actions have induced, and continue to induce, such infringement.

45. TikTok instructs and encourages customers and end users to use the TikTok app in a manner that infringes the '601 patent.  For example, TikTok provides users with the TikTok app, and TikTok's product support webpage (https://support.tiktok.com/en) guides users with instructions on how to use the "effects" features of the TikTok app in a way that results in infringement of the '601 patent.

*Damages*

46. Pixmarx has been damaged as a result of TikTok's infringing conduct described in this Count.  TikTok is, thus, liable to Pixmarx in an amount that adequately compensates it for TikTok's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.  Pixmarx and, on information and belief, its predecessors-in-interest have complied with the requirements of 35 U.S.C. § 287.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 10,489,873

47. Pixmarx incorporates paragraphs 1 through 20 herein by reference.

48. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

49. Pixmarx is the owner of the '873 patent with all substantial rights to the '873 patent including the exclusive right to enforce, sue, and recover damages for past and future infringements.

50. The '873 patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

*Direct Infringement (35 U.S.C. § 271(a))*

51. TikTok has infringed and continues to infringe one or more claims of the '873 patent in this District and elsewhere in Texas and the United States.

52. TikTok has infringed and continues to infringe, either by itself or via an agent, at least claims 1-3, 7, 9-14, 17-20, and 23 of the '873 patent by, among other things, making, testing and/or using the TikTok app, including (but not limited to) the TikTok app "effects" features.

53. Attached hereto as Ex. 10, and incorporated herein by reference, is a claim chart detailing how TikTok, and customers and end users of the TikTok App, infringe the '873 patent.

54. TikTok is liable for its infringements of the '873 patent pursuant to 35 U.S.C. § 271.

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

55. TikTok has also indirectly infringed and continues to indirectly infringe one or more claims of the '873 patent by inducing direct infringement by TikTok customers and end users.

56. TikTok has knowledge of the '873 patent, its infringements, and the infringements of its customers and end users based, at least, on its receipt of this Complaint.

57. Despite having knowledge (or being willfully blind to the fact) that use of the TikTok app infringes the '873 patent, TikTok has specifically intended, and continues to specifically intend, for persons who acquire and use the TikTok app, including TikTok customers and end users, to use the TikTok app in a way that results in infringement of the '873 patent, including at least claims 1-3, 7, 9-14, 17-20, and 23.  Indeed, TikTok knew or should have known that its actions have induced, and continue to induce, such infringement.

58. TikTok instructs and encourages customers and end users to use the TikTok app in a manner that infringes the '873 patent. For example, TikTok provides users with the TikTok app, and TikTok's product support webpage (https://support.tiktok.com/en) guides users with instructions on how to use the "effects" features of the TikTok app in a way that results in infringement of the '873 patent.

*Damages*

59. Pixmarx has been damaged as a result of TikTok's infringing conduct described in this Count. TikTok is, thus, liable to Pixmarx in an amount that adequately compensates it for TikTok's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Pixmarx and, on information and belief, its predecessors-in-interest have complied with the requirements of 35 U.S.C. § 287.

## DEMAND FOR A JURY TRIAL

Pixmarx demands a trial by jury on all issues triable of right by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Pixmarx respectfully requests that this Court enter judgment in its favor and grant the following relief:

(i) Judgment and Order that TikTok has directly and/or indirectly infringed one or more claims of each of the patents-in-suit;

(ii) Judgment and Order that TikTok must pay Pixmarx past and future damages under 35 U.S.C. § 284, including supplemental damages arising from any continuing, post-verdict infringement for the time between trial and entry of the

        final judgment, together with an accounting, as needed, as provided under 35 U.S.C. § 284;

(iii)    Judgment and Order that TikTok must pay Pixmarx reasonable ongoing royalties on a go-forward basis after Final Judgment;

(iv)    Judgment and Order that TikTok must pay Pixmarx pre-judgment and post-judgment interest on the damages award;

(v)    Judgment and Order that TikTok must pay Pixmarx's costs;

(vi)    Judgment and Order that the Court find this case exceptional under the provisions of 35 U.S.C. § 285; and

(vii)    Such other and further relief as the Court may deem just and proper.

Dated: August 14, 2020    Respectfully submitted,

*/s/ Edward R. Nelson III*
**EDWARD R. NELSON III**
STATE BAR NO. 00797142
**CHRISTOPHER G. GRANAGHAN**
STATE BAR NO. 24078585
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
903.758.7397 (facsimile)
ed@nbafirm.com
chris@nbafirm.com

**TIMOTHY E. GROCHOCINSKI**
ILLINOIS BAR NO. 6295055
*PRO HAC VICE FORTHCOMING*
**JOSEPH P. OLDAKER**
ILLINOIS BAR NO. 6295319
*PRO HAC VICE FORTHCOMING*
**NELSON BUMGARDNER ALBRITTON PC**
15020 S. Ravinia Avenue, Suite 20
Orland Park, Illinois 60462
708.675.1974 (telephone)
tim@nbafirm.com

**COUNSEL FOR PLAINTIFF**